JOHN LEONARD MEYER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meyer v. Commissioner
Docket No. 14722-92
United States Tax Court
T.C. Memo 1994-536; 1994 Tax Ct. Memo LEXIS 544; 68 T.C.M. (CCH) 1037; October 25, 1994, Filed *544 Decision will be entered under Rule 155. John Leonard Meyer, pro se. For respondent: Elaine L. Sierra. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's 1989 Federal income tax of $ 3,012. After concessions, the sole issue for the Court to decide is whether petitioner must include is his gross income money received in 1989 from the State of California Department of Social Services. Some of the facts in the case have been stipulated and are so found. Petitioner resided in Patterson, California, at the time he filed his petition. Petitioner's daughter, Nicole Maire Meyer, was a totally disabled individual entitled under the laws of the State of California to receive protective supervision services to safeguard her against injury, hazard, or accident. In December 1988, petitioner filed a claim with the State of California seeking $ 48,776 for 14,840 hours of protective supervision *545 services provided to his daughter, Nicole, for the period of April 1979 through August 1983. In 1989, petitioner received partial reimbursement of $ 8,277.04 for protective supervision services and an amount of $ 5,644.01 for interest. Petitioner's sympathetic situation is similar to the taxpayer's circumstance in . This Court in , held that the payments to the taxpayer for supportive services were not a welfare benefit and, therefore, were includable in the taxpayer's gross income. In , the taxpayer was taxed on the payments for services she provided, whereas in this case petitioner hired others to perform the services. Respondent conceded that the amount petitioner received for protective supervision services was not income to petitioner because they were not services he provided. Petitioner paid approximately $ 60,000 for the care of his daughter. He contends that the total amount he received was a small portion of the total he paid, and therefore he should not have to pay tax *546 on any of these receipts. Respondent contends that the $ 5,644.01 received in 1989 is includable in gross income because the payment was interest. The State of California identified the $ 5,644.01 payment as interest. Section 61 provides that gross income includes "all income from whatever source derived" unless otherwise provided. Interest is specifically included in gross income under section 61(a)(4). A taxpayer who uses the cash method of accounting must report interest in the year in which it is received. Sec. 451(a). Interest income on nontaxable receipts is taxable under section 61. . We hold that petitioner received interest income in 1989 which must be included in his gross income in that year. Decision will be entered under Rule 155.